IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

C/A #

| | |
|---|---|
| Dorothy Freeman,<br><br>               Plaintiff,<br><br>Vs.<br><br>701 South Ocean Blvd., LLC, d/b/a Bali Bay Resort,<br><br>               Defendant. | **COMPLAINT**<br><br>**(Jury Trial Requested)** |

The Plaintiff, complaining of the Defendant herein, alleges:

1. That the Plaintiff is a citizen and resident of the State of North Carolina.

2. That the Defendant is a limited liability company organized and existing under the laws of the State of South Carolina.

3. That on or about April 7, 2018, the Plaintiff's daughter, Tamara Freeman, confirmed a reservation for a seven bedroom condominium owned and operated by the Defendant in Myrtle Beach, South Carolina; that the terms of the reservation provided that the arrival date for the Plaintiff, her daughter and family members was November 1, 2018 with a departure date of November 4, 2018.

4. That the Plaintiff's daughter paid $1,390 as fees related to the agreed upon stay at the Defendant's resort in Myrtle Beach, South Carolina.

5. That on or about November 1, 2018, the Plaintiff, her daughter, Tamara Freeman, and others arrived at the Defendant's resort, completed the check-in procedure and was assigned to the seven bedroom condominium.

6. Upon entry of the condominium, the Plaintiff, her daughter, and other guests, immediately noticed that the condominium was not in a clean and presentable condition. Trash and other debris were left behind and had not been cleaned prior to their arrival. That the Plaintiff's daughter notified guest services of the condition of the condominium, but the Defendant's agents, servants and employees did not respond to or acknowledged the complaints made.

7. Soon after arrival, the Plaintiff, her daughter, and other guests in the condominium noticed that the refrigerator in the kitchen of the condominium was leaking water onto the floor; again, the Plaintiff, her daughter, and others complained to guest services of the hazardous condition existing as a result of the refrigerator leak, but none of the Defendant's agents, servants or employees acknowledged the complaint nor did they take any measures to inspect or repair the leaking refrigerator.

8. Anticipating that the Defendant's agents, servants and employees would repair the refrigerator promptly, the Plaintiff, her daughter, and other guests placed towels in the front of the leaking refrigerator in an effort to stem the leaking water until such time as the Defendant's agents, servants and employees came to the condominium to inspect and repair the leak.

9. Thereafter, on November 3, 2018, as the Plaintiff was walking from the kitchen area into the hallway going towards the bedroom on the left, she slipped and fell as a result of water which had accumulated under her slippers from the leaking refrigerator.

10. That not until after the Plaintiff's fall did the Defendant's agents, servants and employees come to inspect the leaking refrigerator and make the necessary repairs.

2

11. That the Defendant, its agents, servants, and employees, were given timely notice of the leaking refrigerator yet took no steps to repair the dangerous condition until after the Plaintiff suffered her injuries.

12. That the Plaintiff's injuries and damages were caused and occasioned by the negligence, recklessness, willfulness and wantonness, and unlawful conduct of the Defendants, acting through its agents, servants, and employees, in one or more of the following particulars, to-wit:

    (a) In permitting and allowing a substance to accumulate in the Defendant's condominium in an area which Plaintiff and other guests and invitees would walk;

    (b) In permitting the aforementioned substance to accumulate and remain after the Defendant knew or should have known that said substance was present and was causing hazard to Plaintiff and other guests and invitees;

    (c) In failing to inspect and repair the sources of the leaking water in a timely fashion;

    (d) In failing to take precautions to lessen the risk of injury to Plaintiff and other guests and invitees;

    (e) In failing to properly and adequately supervise the Defendant's agents, servants, and employees in order to prevent the accumulation of said dangerous substance in areas where Plaintiff and other guests and invitees were expected to walk;

    (f) In failing to adopt and/or implement adequate guidelines such that prior to the arrival of new resident guests, said condominiums would be inspected and any dangerous and defective conditions would be

        repaired and remediated so as to eliminate the risk of hazard to new guests and invitees occupying said condominium; and,

  (g)    In allowing a dangerous and defective condition to exist at Defendant's condominium after it knew or should have known of the dangerous and defective condition.

All of the above being in violation of the laws of the State of South Carolina.

13. That the Defendant had actual knowledge of the fact that a dangerous condition existed at its condominium; that if Defendant lacked the actual knowledge, the condition had existed for such a period of time prior to the happening of the accident that the Defendant, in the exercise of due care, should have been aware of such hazards.

14. That as a direct and proximate cause of said negligence, wantonness, recklessness and unlawfulness on the part of the Defendant, the Plaintiff was thrown violently in and about Defendant's condominium; that the Plaintiff was greatly and severely injured in and about Plaintiff's head, neck, arms, body, back, limbs and other parts of the Plaintiff's body; that Plaintiff was rendered sick, sore, lame, disabled, bruised and shocked thereby and continues so to be; that all of such injuries have caused Plaintiff extreme and excruciating pain continuously to this date and the Plaintiff will suffer such pain in the future; that as a direct and proximate result of the negligence of the Defendant as aforementioned the Plaintiff suffered severe bruises, lacerations and contusions, and great pain and suffering.

15. That as a direct and proximate cause of said negligence, wantonness, recklessness, and unlawfulness on the part of the Defendant:

(a) The Plaintiff was committed to the hospital and will be required to enter the hospital in the future for long and extensive periods of time;

(b) The Plaintiff was confined to the care and treatment of skilled physicians and nurses; that Plaintiff is presently being treated by such persons and will continue to receive treatment from them in the future; that Plaintiff has expended large sums of money for such treatment and will be obligated to expend even more money in the future for such care and treatment;

(c) The Plaintiff was hindered and prevented, and in the future will be hindered and prevented from transacting and attending to Plaintiff's necessary and lawful affairs since the date of the fall and loss and was deprived of divers gains, profits, salaries, pleasures, advantages, and earning capacity and ability which Plaintiff would have otherwise derived and acquired;

(d) The Plaintiff was in the past, present and will continue in the future to be put to great expense for medicine and drugs;

(e) The Plaintiff has expended large sums of money in the past and present for transportation to and from the doctor's office and hospitals and will continue to have such expenses in the future for consultations and treatment; and,

(f) The Plaintiff's previous good health has been permanently impaired.

16. That as a result of the damages set forth, the Plaintiff has been damaged in excess of Seventy-Five Thousand ($75,000) Dollars in actual damages.

17. That the Plaintiff is informed and believes that she is entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff prays judgment against the Defendant for an amount of actual damages in excess of Seventy-Five Thousand ($75,000) Dollars, an award of punitive damages, the costs of this action, and for such other and further relief as this court deems just and proper.

Florence, South Carolina

June 16, 2020

*s/William P. Hatfield*
**WILLIAM P. HATFIELD**,
Federal Court ID # 1777
Attorney for Plaintiff

**HATFIELD TEMPLE, LLP**
170 Courthouse Square
Post Office Box 1770
Florence, SC 29503-1770
(843) 662-5000
wphatfield@htlawsc.com